## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY NIEDERMEYER and FRANCES : <br> A. BROWN, *Individually and in their* : <br> *Capacities as Personal Representatives of* : <br> *the* ESTATE OF JOYCE LADICK, : <br> Deceased : <br> 341 Howertown Road : <br> Catasauqua, PA 18032 : <br> : <br> and : <br> : <br> SALLY NIEDERMEYER : <br> 341 Howertown Road : <br> Catasaqua, PA 18032 : <br> : <br>         Plaintiffs : <br>    vs. : <br> : <br> ROOSEVELT J. LOUISSAINT : <br> 810 Northwest 184th Drive : <br> Miami Gardens, FL 33169 : <br> : <br> and : <br> : <br> GESTALT LOGISTICS, INC. : <br> 10130 Mallard Creek Road, Suite 300 : <br> Charlotte, NC 28262 : <br> : <br> and : <br> : <br> FEDEX GROUND PACKAGE, INC. *t/a or* : <br> *d/b/a* FEDEX GROUND PACKAGE : <br> 1000 FedEx Drive : <br> Moon Township, PA  15108 : <br> : <br>       Defendants : | Docket No.: <br><br><br><br><br> CIVIL DIVISION - LAW <br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

Plaintiffs, SALLY NIEDERMEYER and FRANCES A. BROWN, Individually and in

their capacities as Personal Representatives of the ESTATE OF JOYCE LADICK, deceased and

SALLY NIEDERMEYER, Plaintiff in her own right as detailed below, by and through their undersigned attorneys, Adam D. Meshkov, Esquire and John W. Hollawell, Esquire hereby bring this action against Defendants, ROOSEVELT J. LOUISSAINT, GESTALT ENTERPRISES, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. t/a or d/b/a FEDEX GROUND PACKAGE and in support thereof avers as follows:

## PARTIES

1.      Plaintiff, SALLY NIEDERMEYER (hereinafter Plaintiff "NIEDERMEYER") is an adult citizen and resident of the Commonwealth of Pennsylvania and is the named the personal representative along with her sister FRANCES A. BROWN of the ESTATE OF JOYCE LADICK (hereinafter "Plaintiff LADICK"), deceased.

2.      Defendant, ROOSEVELT J. LOUISSAINT (hereinafter "Defendant LOUISSAINT"), is an adult citizen and resident of the State of Florida who maintains an address of 810 Northwest 184th Drive, Miami Gardens, FL 33169.

3.      Defendant, GESTALT LOGISTICS, INC. (hereinafter "Defendant GESTALT") is business entity organized formed, incorporated and which resides and maintains a its headquarters in the State of North Carolina with an address of 10130 Mallard Creek Road, Suite 300, Charlotte, NC 28262.

4.      Defendant, FEDEX GROUND PACKAGING, INC. t/a or d/b/a FEDEX GROUND PACKAGE (hereinafter "Defendant FedEx") is a business entity formed, incorporated and which resides in the State of Delaware.

## VENUE AND JURISDICTION

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on the basis of diversity between all of the parties.

2

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the corporate Defendants routinely conduct business in this jurisdiction and because it is the place where the harms to Plaintiffs occurred.

## JURY DEMAND

7.     Plaintiffs hereby demand a trial by jury of this action.

## FACTUAL ALLEGATIONS

8.     The events complained of occurred on May 18, 2020 at the intersection of MacArthur Road (State Highway 145) and American Street in Allentown, Lehigh County, PA at or about 2:22 p.m.

9.     At or about the forgoing time and place, Plaintiff NIEDERMEYER was operating her vehicle, a 2015 Mitsubishi Outlander (Black) with her mother, Joyce Ladick who was riding in the front passenger seat of the same vehicle heading eastbound on American Street towards its intersection with MacArthur Road, which intersections traffic is maintained by a traffic control light.

10.     At or about the same foregoing time and place, Defendant LOUISSAINT was operating a vehicle owned and/or maintained by Defendants GESTALT and/or FEDEX, a 2019 Volvo tractor-trailer heading southbound on MacArthur Road towards its intersection with American Street.

11.     As Plaintiffs vehicle proceeded into the above-described intersection under a green light and while attempting to make a left-handed turn heading northbound on MacArthur Road, the truck operated by Defendant LOUISSAINT driven at a high rate of speed proceeded unlawfully through a red light at the intersection crashing the front of the truck into the front driver side quarter panel of Plaintiffs' vehicle.

3

12.     At all times relevant, Defendants GESTALT and/or FEDEX were the owners of the truck operated by Defendant LOUISSAINT and therefore responsible for its physical condition.

13.     At all times relevant, Defendants GESTALT and/or FEDEX were the employers of Defendant LOUISSAINT for whom they maintained responsibility for having properly vetted, hired, trained and monitoring who was acting within the scope of his employment and in furtherance of their businesses.

14.     The entire accident was captured on video through a private closed circuit camera facing the intersection and owned by a private business which is in undersigned counsels possession.

15.     As a direct and proximate result of the collision, as further detailed below, Plaintiff NIEDERMEYER has suffered severe physical and psychological injuries, pain, suffering, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures and an inability to attend to usual and daily activities and will continue to suffer same for an indefinite time into the future, to her great detriment.

16.     As a further result, Plaintiff NIEDERMEYER has sought medical treatment in and about an effort to cure himself of her injuries and has incurred medical expense, loss of earning and future earning capacity to his great detriment and loss.

17.     As a direct and proximate result of the collision, Plaintiff LADICK was caused terminal physical injuries, including a fractured skull, for which life-saving treatment was provided unsuccessfully and from which she died several hours later on May 18, 2020.

4

WHEREFORE, Plaintiffs hereby demand judgment in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.

## COUNT ONE
## NEGLIGENCE

### (Plaintiff NIEDERMEYER v. Defendant LOUISSAINT)

18.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

19.     At all times relevant hereto, Defendant LOUISSAINT had a duty to operate the motor vehicle he was driving with due care and according to the provisions of the Pennsylvania Motor Vehicle Code and applicable federal laws and regulations promulgated thereto.

20.     At the aforementioned time and place, Defendant operated the truck in such a careless and negligent manner so as to run into, strike and collide with the Plaintiff's vehicle causing the Plaintiff to sustain severe physical and emotional injuries.

21.     The foregoing collision was a factual cause/substantial factor in bringing about the injuries and damages set forth hereafter.

22.     All of the resultant losses, damages and injuries sustained by the Plaintiff were a direct and proximate result of the negligence of Defendant in the following particulars:

        a.     In operating said vehicle at an excessive rate of speed under the circumstances; and/or

        b.     In operating said vehicle at an excessive rate of speed in light of the weather and/or visibility conditions which were then and there existing; and/or

5

c.      In operating said vehicle at an excessive rate of speed in light of the size and weight of the vehicle; and/or

d.      In not watching or looking where said vehicle was being operated; and/or

e.      In failing to watch the rod in front of said vehicle; and/or

f.      In failing to have said vehicle under proper control; and/or

g.      In failing to have said vehicle under proper control when approaching traffic ahead of said vehicle; and/or

h.      In operating said vehicle so as to be unable to stop within the assured clear distance ahead; and/or

i.      In failing to allow an adequate stopping distance in light of the weather and/or visibility conditions then and there existing; and/or

j.      In failing to allow an adequate stopping distance in light of the size and weight of the vehicle; and/or

k.      In failing to exercise extreme caution in light of the weather and/or visibility conditions then and there existing; and/or

l.      In failing to discontinue operation of his vehicle in light of the hazardous conditions; and/or

m.      In failing to have the brakes and braking mechanism on said vehicle in proper working order and/or failing to properly, promptly and adequately operate the brakes and braking mechanism of said vehicle; and/or

n.      In operating said vehicle in such a careless and negligent manner so as to cause or allow same to run into, strike and collide with the Plaintiff's vehicle; and/or

6

o.   In failing to stop, turn aside said vehicle or take other appropriate action so that the collision would be avoided; and/or

p.   In failing to respect the rights of the Plaintiff to the use of the roadway; and/or

q.   In operating said vehicle while experiencing fatigue or any other cause which impaired Defendant's ability to safely operate said vehicle; and/or

r.   In failing to adhere to rest requirements for operation of a vehicle such as said vehicle; and/or

s.   In operating said vehicle while unfit to do so; and/or

t.   In operating said vehicle in violation of the Pennsylvania Motor Vehicle Code including 75 Pa. C.S.A. 3361 (Assured clear distance/driving at a safe speed), 3362 (Maximum speed limits), 3310 (Following too closely), 3714 (Careless driving), 3736 (Reckless driving); and/or

u.   In operating said vehicle in violation of federal law and regulations including: 392.3-5 (Ill or fatigued drivers, drugs and other substances and alcohol), 392.14 (Hazardous conditions, extreme caution), 393, subpart C (Brakes), 395.1-8, 395.15, 395.16 (Hours of Service) and/or 396 (Inspection, repair and maintenance); and/or

v.   In failing to operate Defendant's vehicle in such a manner as to maintain an assured clear distance ahead; and/or

w.   In operating the subject vehicle with insufficient tires and/or treads given the weather conditions then and there existing;

7

x.     In failing to exercise the high degree of care required of a motorist entering an intersection; and

y.     In failing to properly observe traffic control signals controlling Defendant's direction of travel.

WHEREFORE, Plaintiff hereby demands judgment in her favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.

## COUNT TWO
## NEGLIGENCE

### (Plaintiff NIEDERMEYER v. Defendants GESTALT and FEDEX)

23.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

24.     Defendants GESTALT and FEDEX negligently hired and/or retained Defendant LOUISSAINT.

25.     Defendants GESTALT and FEDEX failed to adequately train Defendant LOUISSAINT.

26.     Defendants GESTALT and FEDEX failed to adequately supervise Defendant LOUISSAINT.

27.     Defendants GESTALT and FEDEX failed to properly maintain the subject truck.

28.     Defendants GESTALT and FEDEX permitted and required the subject truck to be operated under the weather and/or visibility conditions there and then existing.

29.     The negligence of the Defendants GESTALT and FEDEX was a legal and factual cause of Plaintiff sustaining injuries.

WHEREFORE, Plaintiff hereby demands judgment in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.

### COUNT THREE
### SURVIVAL ACTION – NEGLIGENCE

### (Plaintiff LADICK v. Defendant LOUISSAINT)

30.     Plaintiff LADICK incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

31.     At all times relevant hereto, Defendant LOUISSAINT had a duty to operate the motor vehicle he was driving with due care and according to the provisions of the Pennsylvania Motor Vehicle Code and applicable federal laws and regulations promulgated thereto.

32.     At the aforementioned time and place, Defendant LOUISSAINT operated the truck in such a careless and negligent manner so as to run into, strike and collide with the Plaintiff's vehicle causing her to sustain certain injuries and damages more specifically described hereafter.

33.     The foregoing collision was a factual cause/substantial factor in bringing about the injuries and damages set forth hereafter.

34.     All of the resultant losses, damages and injuries sustained by the Plaintiff were a direct and proximate result of the negligence of Defendant in the following particulars:

      a.     In operating said vehicle at an excessive rate of speed under the circumstances; and/or

      b.     In operating said vehicle at an excessive rate of speed in light of the weather and/or visibility conditions which were then and there existing; and/or

c.      In operating said vehicle at an excessive rate of speed in light of the size and weight of the vehicle; and/or

d.      In not watching or looking where said vehicle was being operated; and/or

e.      In failing to watch the rod in front of said vehicle; and/or

f.      In failing to have said vehicle under proper control; and/or

g.      In failing to have said vehicle under proper control when approaching traffic ahead of said vehicle; and/or

h.      In operating said vehicle so as to be unable to stop within the assured clear distance ahead; and/or

i.      In failing to allow an adequate stopping distance in light of the weather and/or visibility conditions then and there existing; and/or

j.      In failing to allow an adequate stopping distance in light of the size and weight of the vehicle; and/or

k.      In failing to exercise extreme caution in light of the weather and/or visibility conditions then and there existing; and/or

l.      In failing to discontinue operation of his vehicle in light of the hazardous conditions; and/or

m.      In failing to have the brakes and braking mechanism on said vehicle in proper working order and/or failing to properly, promptly and adequately operate the brakes and braking mechanism of said vehicle; and/or

n.      In operating said vehicle in such a careless and negligent manner so as to cause or allow same to run into, strike and collide with the Plaintiff's vehicle; and/or

o.  In failing to stop, turn aside said vehicle or take other appropriate action so that the collision would be avoided; and/or

p.  In failing to respect the rights of the Plaintiff to the use of the roadway; and/or

q.  In operating said vehicle while experiencing fatigue or any other cause which impaired Defendant's ability to safely operate said vehicle; and/or

r.  In failing to adhere to rest requirements for operation of a vehicle such as said vehicle; and/or

s.  In operating said vehicle while unfit to do so; and/or

t.  In operating said vehicle in violation of the Pennsylvania Motor Vehicle Code including 75 Pa. C.S.A. 3361 (Assured clear distance/driving at a safe speed), 3362 (Maximum speed limits), 3310 (Following too closely), 3714 (Careless driving), 3736 (Reckless driving); and/or

u.  In operating said vehicle in violation of federal law and regulations including: 392.3-5 (Ill or fatigued drivers, drugs and other substances and alcohol), 392.14 (Hazardous conditions, extreme caution), 393, subpart C (Brakes), 395.1-8, 395.15, 395.16 (Hours of Service) and/or 396 (Inspection, repair and maintenance); and/or

v.  In failing to operate Defendant's vehicle in such a manner as to maintain an assured clear distance ahead; and/or

w.  In operating the subject vehicle with insufficient tires and/or treads given the weather conditions then and there existing;

11

      x.     In failing to exercise the high degree of care required of a motorist entering an intersection; and

      y.     In failing to properly observe traffic control signals controlling Defendant's direction of travel.

35.     As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff LADICK suffered serious, painful and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress and death.

36.     As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff LADICK was required to undergo medical treatment and to incur medical costs and expenses in order to alleviate her injuries, pain and suffering and was further precluded from engaging in normal activities and pursuits.

37.     As a result of the death of Joyce Ladick her estate has been deprived of the economic value of her life expectancy and Plaintiff claims damages for the pecuniary loss caused by her death.

38.     Plaintiff further claims on behalf of the Estate of Joyce Ladick damages for the conscious pain and suffering and mental anguish undergone by decedent as a result of the accident before her death.

39.     As a result of the untimely death of Joyce Ladick Plaintiff claims of the Defendant the additional sum for the psychic value of the expectancy and enjoyment of her life which was terminated by the reason of her death.

40.     As a result of the untimely death of Joyce Ladick Plaintiff claims damages for the expenses incurred for medical attention and treatment and for funeral and other expense incurred herewith.

WHEREFORE, Plaintiffs hereby demand judgment in her favor and against

Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with

all costs, interest and damages legally appropriate.

## COUNT FOUR
## SURVIVAL ACTION - NEGLIGENCE

### (Plaintiff LADICK v. Defendants GESTALT and FEDEX)

41.     Plaintiff LADICK incorporates herein by reference all of the foregoing

paragraphs as though fully set forth below.

42.     Defendants GESTALT and FEDEX negligently hired and/or retained Defendant

LOUISSAINT.

43.     Defendants GESTALT and FEDEX failed to adequately train Defendant

LOUISSAINT.

44.     Defendants GESTALT and FEDEX failed to adequately supervise Defendant

LOUISSAINT.

45.     Defendants GESTALT and FEDEX failed to properly maintain the subject truck.

46.     Defendants GESTALT and FEDEX permitted and required the subject truck to be

operated under the weather and/or visibility conditions there and then existing.

47.     The negligence of the Defendants GESTALT and FEDEX was a legal and factual

cause of Plaintiff LADICK sustaining injuries.

48.     As a direct and proximate result of the negligence and carelessness of the

Defendants GESTALT and FEDEX, Plaintiff LADICK suffered serious, painful and bodily

injuries, great physical pain and mental anguish, severe and substantial emotional distress and

death.

13

49.     As a direct and proximate result of the negligence and carelessness of the Defendants GESTALT and FEDEX, Plaintiff LADICK was required to undergo medical treatment and to incur medical costs and expenses in order to alleviate her injuries, pain and suffering and was further precluded from engaging in normal activities and pursuits.

50.     As a result of the death of Joyce Ladick her estate has been deprived of the economic value of her life expectancy and Plaintiff LADICK claims damages for the pecuniary loss caused by her death.

51.     Plaintiff further claims on behalf of the Estate of Joyce Ladick damages for the conscious pain and suffering and mental anguish undergone by decedent as a result of the accident before her death.

52.     As a result of the untimely death of Joyce Ladick Plaintiff claims of the Defendants GESTALT and FEDEX the additional sum for the psychic value of the expectancy and enjoyment of her life which was terminated by the reason of her death.

53.     As a result of the untimely death of Joyce Ladick Plaintiff claims damages for the expenses incurred for medical attention and treatment and for funeral and other expense incurred herewith.

        WHEREFORE, Plaintiff hereby demands judgment in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.

## COUNT FIVE
## WRONGFUL DEATH – NEGLIGENCE

### (Plaintiff LADICK v. Defendant LOUISSAINT)

54.     Plaintiff LADICK incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

55.     Plaintiffs, as daughters and Personal Representatives of the Estate of Joyce Ladick brings this action on behalf of the survivors of Joyce Ladick under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301.

56.     JOYCE LADICK did not bring any action for the claims raised in this action during her lifetime.

57.     Plaintiffs claim damages for pecuniary loss suffered by decedent's survivors by reason of the death of Joyce Ladick as well as reimbursement for medical bills, funeral and internment expenses, and administration expenses incurred herewith.

58.     As a result of the wrongful death of Joyce Ladick the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from Joyce Ladick for the remainder of her natural life.

WHEREFORE, Plaintiff hereby demands judgment in her favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.

## COUNT SIX
## WRONGFUL DEATH - NEGLIGENCE

### (Plaintiff LADICK v. Defendants GESTALT and FEDEX)

59.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

60.     Plaintiffs, as daughters and Personal Representatives of the Estate of Joyce Ladick brings this action on behalf of the survivors of Joyce Ladick under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301.

61.     JOYCE LADICK did not bring any action for the claims raised in this action during her lifetime.

15

62.     Plaintiffs claim damages for pecuniary loss suffered by decedent's survivors by reason of the death of Joyce Ladick as well as reimbursement for medical bills, funeral and internment expenses, and administration expenses incurred herewith.

63.     As a result of the wrongful death of Joyce Ladick the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from Joyce Ladick for the remainder of her natural life.

WHEREFORE, Plaintiff hereby demands judgment in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.


MESHKOV & BRESLIN


By:_____
ADAM D. MESHKOV, ESQUIRE